IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-MJ-1029-D

| | | |
|---|---|---|
| STATE OF NORTH CAROLINA | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ARKALGUD LAKSHMINARASIMHA | ) | |
| | ) | |

On December 21, 2017, the clerk opened this miscellaneous case [D.E. 1], based on a purported "notice of removal" of two state-court cases of Arkalgud Lakshminarasimha ("Lakshminarasimha"). Lakshminarasimha has flooded the court with motions and other filings totaling over 1,700 pages [D.E. 2–51, 53–99, 102–112]. On April 16, 2018, Lakshminarasimha filed a notice of interlocutory appeal [D.E. 46], which the United States Court of Appeals for the Fourth Circuit dismissed on July 17, 2018 [D.E. 100–101].

Lakshminarasimha cites a potpourri of irrelevant federal statutes and procedural rules in yet another attempt to reopen numerous cases he has filed in a potpourri of courts. Lakshminarasimha's filings contain at least 273 instances of the word "reconsideration." [D.E. 1] 18; [D.E. 2] 1, 4; [D.E. 2-2] 11, 13, 17; [D.E. 2-3] 11; [D.E. 2-5] 2; [D.E. 3-1] 15; [D.E. 4-1] 1; [D.E. 5-1] 27; [D.E. 6-1] 6; [D.E. 15] 3–4; [D.E. 17] 9; [D.E. 18] 5, 15; [D.E. 19-1] 7, 16; [D.E. 22] 64, 75, 98, 121, 123, 128–29, 131, 140–41; [D.E. 24-1] 10; [D.E. 30] 1, 3–4; [D.E. 34] 1, 5–6; [D.E. 37] 1, 4–5; [D.E. 38] 1, 3–5, 7–9; [D.E. 39] 2–3, 5; [D.E. 41] 3–4; [D.E. 42] 1; [D.E. 44]; [D.E. 45] 3–4; [D.E. 46] 1–2, 5–6, 9, 12; [D.E. 50] 1; [D.E. 51] 1–5, 7, 9; [D.E. 53] 1, 3; [D.E. 54] 1–4, 6; [D.E. 55] 2; [D.E. 56] 3–5; [D.E. 57] 1; [D.E. 58]; [D.E. 59] 2; [D.E. 60] 4; [D.E. 61] 1; [D.E. 62-1] 1; [D.E. 63-1] 1; [D.E. 64-1] 13, 27; [D.E. 67] 5, 7; [D.E. 68] 5, 7; [D.E. 72] 7–8; [D.E. 74] 5; [D.E. 75] 5; [D.E. 76] 2–3,

6; [D.E. 77] 2; [D.E. 78]; [D.E. 78-1] 4, 6–7; [D.E. 79] 3; [D.E. 79-1] 2; [D.E. 80] 4, 6; [D.E. 82] 2; [D.E. 83-1] 2, 10; [D.E. 86-1] 4, 9; [D.E. 86-2] 2; [D.E. 87] 1; [D.E. 87-1] 5; [D.E. 88]; [D.E. 89] 1; [D.E. 89-1] 5; [D.E. 90] 1; [D.E. 90-1] 2, 8, 11; [D.E. 90-2] 2–4; [D.E. 92] 3, 6; [D.E. 93] 1–2; [D.E. 94] 1–2; [D.E. 97-1]; [D.E. 97-3] 15; [D.E. 98] 2–3; [D.E. 99] 2–3; [D.E. 105] 24; [D.E. 105-1] 39; [D.E. 106] 1, 3; [D.E. 107]; [D.E. 108] 3; [D.E. 110-1] 1.

Lakshminarasimha is no stranger to this district, having filed six actions here. See Lakshminarasimha v. United States (Federal Bureau of Investigation) et al., No. 5:09-CV-375-FL (E.D.N.C.); Lakshminarasimha v. United States, No. 5:11-CV-365-BO (E.D.N.C.); Lakshminarasimha v. Progress Energy et al., No. 5:11-CV-431-BO (E.D.N.C.); Lakshminarasimha v. Cole et al., No. 5:12-CV-29-H (E.D.N.C.); In re Lakshminarasimha, No. 5:13-MC-54-D (E.D.N.C.); Lakshminarasimha v. Duke Progress Energy et al., No. 5:15-CV-259-BR (E.D.N.C.). On March 30, 2016, Senior United States District Judge W. Earl Britt entered a prefiling injunction against Lakshminarasimha, which prevents him from "[i]nstituting any new civil case in this court without first obtaining leave of court[]" by "fil[ing] a motion for leave to file a complaint[,]" together with his "proposed complaint and a copy of this order. He must also pay the appropriate filing fee or file an application to proceed" in forma pauperis. Order, Lakshminarasimha, No. 5:15-CV-259-BR, [D.E. 164] 3 (E.D.N.C. Mar. 30, 2016). Significantly, Lakshminarasimha "shall not file any further documents in [any new] proceeding until ordered by the court to do so." Id. 4 (emphasis omitted).[1]

---

[1] As a result of Lakshminarasimha's prodigious filings, he is now precluded from filing anything further in any of his previous cases. See Lakshminarasimha, No. 5:12-CV-29-H, [D.E. 230] (E.D.N.C. May 1, 2013); Lakshminarasimha, No. 5:11-CV-431-BO, [D.E. 95] (E.D.N.C. May 21, 2013); Lakshminarasimha, No. 5:11-CV-365-BO, [D.E. 172] (E.D.N.C. May 21, 2013); Lakshminarasimha, No. 5:09-CV-375-FL, [D.E. 101] (E.D.N.C. Dec. 2, 2010). Lakshminarasimha filed an untimely appeal of the prefiling injunction which the Fourth Circuit dismissed for failure to

Lakshminarasimha has not complied with the prefiling injunction. Instead, Lakshminarasimha (repeatedly) disputes the validity of the prefiling injunction.[2] See [D.E. 1] 3; [D.E. 2-3] 11, 14; [D.E. 2-5] 3–5, 7, 9, 13; [D.E. 3] 9; [D.E. 4-1] 1; [D.E. 8] 3; [D.E. 12] 1; [D.E. 16] 1; [D.E. 17] 2, 8–9; [D.E. 19-1] 29; [D.E. 22] 161; [D.E. 24-1] 11; [D.E. 25]; [D.E. 27] 1, 6, 12; [D.E. 28] 2; [D.E. 29] 2–3, 6, 9; [D.E. 30] 1, 3; [D.E. 30-1] 1; [D.E. 30-2] 1, 3, 7; [D.E. 31] 3; [D.E. 32] 3; [D.E. 34] 1–3, 5; [D.E. 35] 1; [D.E. 36-1] 3, 5–7; [D.E. 37] 1–3; [D.E. 38] 1, 5–7; [D.E. 39] 1, 4–5; [D.E. 41] 2–4; [D.E. 45] 2–4; [D.E. 46] 1–3, 5–7, 9, 12; [D.E. 46-1] 1; [D.E. 51] 3–4, 7–8; [D.E. 53] 3; [D.E. 54] 3, 6; [D.E. 56] 3; [D.E. 57] 1, 4; [D.E. 60] 2–4, 6; [D.E. 61] 1; [D.E. 62]; [D.E. 62-1] 3–4, 6, 16–18; [D.E. 63] 2; [D.E. 63-1] 1–2; [D.E. 64]; [D.E. 65] 1–2; [D.E. 65-1] 1, 5–6; [D.E. 66] 4–5; [D.E. 67] 1–3, 7–8; [D.E. 67-1] 1–2, 7–8; [D.E. 68] 1–3, 7–8; [D.E. 68-1] 1–3, 7–8; [D.E. 69-1] 1, 3, 8; [D.E. 70] 1–3, 5; [D.E. 71]; [D.E. 72] 3, 7; [D.E. 73] 1–2; [D.E. 74] 1–3, 6; [D.E. 75] 1–3, 6; [D.E. 76] 2–4, 7–10; [D.E. 78-1] 7–9; [D.E. 79] 2–3; [D.E. 79-1] 4–6; [D.E. 80] 1; [D.E. 81] 1–2; [D.E. 82] 2; [D.E. 83] 4; [D.E. 83-1] 10; [D.E. 85] 2–4; [D.E. 86] 1; [D.E. 86-2] 2; [D.E. 87] 1, 5; [D.E. 88]; [D.E. 88-1] 1; [D.E. 89] 1, 5; [D.E. 90] 1; [D.E. 90-1] 3, 15; [D.E. 92] 7; [D.E. 93] 2, 5; [D.E. 96-2] 5; [D.E. 97-1]; [D.E. 97-4] 5; [D.E. 98] 1–4; [D.E. 99] 1–4; [D.E. 103-

---

prosecute on March 26, 2018. Order, Lakshminarasimha v. Duke Energy Progress, No. 17-2369, [D.E. 58] (4th Cir. Mar. 26, 2018); see Fed. R. App. P. 4(a)(1). On April 3 and May 3, 2018, the Fourth Circuit denied numerous motions by Lakshminarasimha to recall the mandate, reopen the case, and waive the briefing and filing fee requirements. Orders, Lakshminarasimha v. Duke Energy Progress, No. 17-2369, [D.E. 62, 81] (4th Cir. 2018).

[2] Because Lakshminarasimha cites "28USC2284" at least 289 times in his filings, the court briefly addresses his contention that that statute "provides avenue to vacate prefiling injunction." [D.E. 72] 7. It does not. See, e.g., Pilot v. Kollar-Kotelly, No. 17-CV-01337 (CRC), 2017 WL 3084380, at *1 (D.D.C. July 18, 2017) (unpublished), recons. denied, 2017 WL 6541271 (D.D.C. Aug. 9, 2017) (unpublished), aff'd, 712 F. App'x 1 (D.C. Cir. 2018) (per curiam) (unpublished); Kinnell v. Sec'y of Veterans Affairs, No. 98-3112-SAC, 2001 WL 1718265, at *1 (D. Kan. Dec. 20, 2001) (unpublished).

1] 1; [D.E. 106] 5; [D.E. 107]; [D.E. 108]. Lakshminarasimha also improperly seeks to relitigate claims he asserted in prior actions, all of which have been dismissed as frivolous, lacking in subject-matter jurisdiction, or failing to state a claim. Thus, claim preclusion bars this action. See Pension Benefit Guar. Corp. v. Beverley, 404 F.3d 243, 248 (4th Cir. 2005); Pueschel v. United States, 369 F.3d 345, 354–56 (4th Cir. 2004).

In sum, the court DISMISSES this action for lack of jurisdiction, or in the alternative, for failure to state a claim, and DENIES the pending motions [D.E. 2–4, 9–10, 18, 23–24, 29, 30, 33, 53, 57, 60, 65, 67–69, 82–84, 86–88, 90, 92–96, 106, 109]. The court DIRECTS the clerk not to accept any further filings in this case other than a notice of appeal. The clerk shall close the case.

SO ORDERED. This 22 day of August 2018.

JAMES C. DEVER III
Chief United States District Judge

4